Matter of Nussbaum (2025 NY Slip Op 07101)

Matter of Nussbaum

2025 NY Slip Op 07101

Decided on December 18, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding

 
Motion No. 2025-03827 Case No.2025-04288
  
 [*1]In the Matter of Mark Jonathan Nussbaum, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark Jonathan Nussbaum (OCA Atty. Reg. No. 4678702), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark Jonathan Nussbaum, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 6, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Kevin P. Culley, of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.

Per Curiam 

Respondent Mark Jonathan Nussbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on May 6, 2009. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department. Respondent is also admitted to practice in the Southern and Eastern Districts of New York.
Respondent moves for an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. Respondent also consents to the entry of an order by the Court directing respondent to make monetary restitution as directed by this Court. Respondent maintains that his resignation is "freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences."
In support of his application, respondent attests that he is the subject of an investigation by the Attorney Grievance Committee (AGC) related to allegations of professional misconduct regarding his "handling of funds in [his] IOLA account," and that he cannot successfully defend against these allegations. Respondent acknowledges that acceptance and approval of his resignation shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law and will result in his application materials being deemed public records pursuant to Judiciary Law § 90(10). He further acknowledges that his resignation is subject to any further application by a Committee to any Department of the Appellate Division requiring him to make restitution or reimburse the Lawyers' Fund for Client Protection. He consents to the continuing jurisdiction of the Appellate Division to make such an order.
Although the AGC has not filed disciplinary charges or sought respondent's interim suspension, it opposes the motion. Specifically, the AGC argues that respondent's affidavit fails to identify or acknowledge the specific acts of professional misconduct alleged against him as explicitly required under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10(a) and Appendix A to the rule. The AGC notes that it was advised by the Lawyers' Fund for Client Protection in January 2025 of a shortfall in respondent's IOLA escrow account, and thereafter, in May 2025, respondent was indicted by a grand jury on felony charges stemming from respondent's alleged theft of more than $1,000,000. The AGC understands respondent's desire to avoid self-incrimination in connection with pending criminal charges, but it maintains that respondent's description of the charges or allegations under investigation by AGC is insufficient. The AGC asserts that it conferred with respondent's counsel to resolve this apparent deficiency, but respondent has declined to amend his submission.
Upon due consideration, the Court accepts respondent's resignation. Respondent has been indicted for conduct that is the subject of an ongoing AGC investigation, and he now seeks to resign pursuant to 22 NYCRR 1240.10. He acknowledges that he cannot defend against the allegations against him and is willing to resign and accept the resulting order of disbarment. Although the AGC challenges respondent's description of the alleged misconduct under investigation, the affidavit does state that the investigation relates to respondent's "professional misconduct . . . concerning [his] handling of funds in [his] IOLA account." This description sufficiently identifies the "specific nature" of the allegations against respondent and therefore satisfies the plain language of 22 NYCRR 1240.10. Notably, nothing in this rule requires a recitation of factual particulars or evidence in addition to identifying the "specific nature" of allegations, particularly in circumstances where providing additional detail would risk self-incrimination in a parallel criminal prosecution.
Accordingly, respondent's motion for an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 9, 2025, the date of his affidavit of resignation.
All concur.
Wherefore, it is Ordered that the application of respondent, Mark Jonathan Nussbaum, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 9, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Mark Jonathan Nussbaum, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Mark Jonathan Nussbaum, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Mark Jonathan Nussbaum, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 18, 2025